### R. M. DORSET V. THE STATE.

No. 10825. Delivered April 6, 1927.

Rehearing denied April 27, 1927.

**1.— Forgery—Variance—Not Material.**

Where, on a trial for forgery, the indictment charging the forging of the name of B. J. Bench, and the evidence on the trial disclosed that the name of the injured party was J. B. instead of B. J., there being no question as to appellant's intention to defraud J. B. Bench, and of his purpose to sign his name to the check, the variance was not material. Following Davis v. State, 34 Tex. Crim. Rep. 117, and other cases cited.

#### ON REHEARING.

**2.—Same—No Error Presented.**

In his motion for rehearing, appellant presents no matter that was not passed upon in our original opinion, and points out no error committed in said opinion. His motion for rehearing is therefore overruled.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of forgery, penalty two years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of forgery, punishment two years in the penitentiary.

Appellant was convicted for passing as true a forged instrument purporting to have been executed by B. J. Bench. Mr. J. B. Bench testified for the state that he had known the defendant for something over two years, and that in October, 1924, he was

in the Maloney-Boykin store in Greenville with defendant and purchased a suit of clothes, for which he gave a check. The clerk waiting on Mr. Bench was Oscar Jones. Later on during the same night, at another place in Greenville, Mr. Bench gave another check in the presence of this appellant. The blank check used by Mr. Bench on the second occasion was a Citizens State Bank blank, but was changed by him to make it the Greenville National Exchange Bank. Mr. Bench testified that he did not give this defendant or anyone else his permission to sign his name to a check, and that if the defendant did so sign his name to any check it was without his authority. He further testified that he had not seen the defendant after the occasion referred to until just before the trial. Mr. Oscar Jones testified that in October, 1924, he was working with the Maloney-Boykin Company as clothing salesman; that he knew J. B. Bench, commonly known as Burgess Bench, and had known him for seven or eight years. This witness testified that Burgess Bench came into the store above referred to and introduced R. M. Dorset to him, and on that occasion he sold Mr. Bench a suit of clothes, and Dorset was with him during the time he waited on him. Mr. Bench gave witness a check and appellant was present at the time Bench was writing the check, which was written on a Citizens State Bank blank. Witness testified that two or three days after that Dorset came into the store and asked him if he would cash a check on Mr. Bench for $15.00. Witness asked him what he was doing and he said he was picking cotton for Mr. Bench. He bought some clothes and gave witness a $15.00 check on the Citizens State Bank, which was the alleged forged check. Witness sent the check to the office where the price of the merchandise was deducted, and witness gave to appellant the remainder of the amount of the check in money. He said that appellant called Mr. Bench's given name when he asked him if he would cash the check. He also testified that when he cashed the check he had no occasion to pay special attention to the initials, as to whether they were J. B. or B. J. Mr. Warren testified that he was deputy sheriff and had been for eight years; that he knew appellant and had known him about seven years. He further testified that he recalled a check being turned over to him in 1924 signed by B. J. Bench and written for $15.00. He said he got that check from the Maloney-Boykin Dry Goods Company and kept it in the courthouse; that he had made search for it but had been unable to find it. He said that he handled that check and knew that an indictment had been returned upon it; that he had had occasion to compare

the check with the description of it in the indictment and that they were alike.  He said that he had made diligent search in the safe where they kept checks and through other files but had been unable to find it.  Being shown the indictment, he said that was the indictment that was returned on that check, and that same contained a description of the check.  The only difference referred to by this witness was that Mr. Bench's initials were J. B. and the initials on the check set out in the indictment were B. J.  The date of the check was October 2, 1924, and it was made payable to R. M. Dorset for $15.00, drawn on the Citizens State Bank in Greenville.  Witness said from the time of the return of the indictment he did not see the defendant until shortly before the trial, and that during that time he had a warrant for the appellant and had been looking for him.  There is no bill of exceptions presenting the slightest objection to any of this testimony.

The learned trial judge instructed the jury that if they believed that on or about the 2nd day of October, 1924, this appellant knowingly and fraudulently passed as true the instrument set out in the second count in the indictment to Oscar Jones, and that said instrument was meant and intended to represent the obligation of J. B. Bench or B. J. Bench, etc., they should find him guilty as charged in the second count in the indictment. He further instructed them that unless they believed beyond a reasonable doubt that said instrument was meant and intended to represent the obligation of J. B. Bench or B. J. Bench, etc., they should acquit.  There was no exception taken to the charge of the court in any way.

There are two bills of exception in this record.  Bill No. 1 was to the refusal of a special charge asking that the jury be told to return a verdict of not guilty upon the proposition that the state had failed to make out a case against the accused.  The second bill of exceptions is substantially the same as the first, except that it goes a little more into detail, setting out the reasons why the jury should be instructed to return a verdict of not guilty.  We are not able to agree with the contention of either bill.  There seems practically no doubt from the testimony that appellant intended the instrument passed by him to Mr. Jones to be the obligation of J. B. Bench.  If the jury believed that appellant unintentionally transposed the initials of Mr. Bench, but that it appeared that he was intending to sign the name of Mr. Bench to the instrument in question, we think this would comply with the demands of the law.  Davis v. State,

34 Tex. Crim. Rep. 117; Williams v. State, 32 S. W. 532; Spicer v. State, 52 Tex. Crim. Rep. 177; Boswell v. State, 59 Tex. Crim. Rep. 161. While the testimony is not as clear as it might be upon the proposition that the check passed by appellant to Mr. Jones was signed B. J. Bench, we think there is enough testimony in the record supporting that theory to justify the jury in accepting same.

The judgment will be affirmed.                *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a brief motion, again urging that he was not identified as the party passing the forged instrument. We can add nothing to what we said on this point in our original opinion. He also again urges that the evidence falls short because of his claim that the alleged forged check was not shown to be that of the alleged injured party. We discussed this fully in our original opinion, and still believe we arrived at a correct solution.

The motion for rehearing will be overruled.

*Overruled.*